# United States District Court
# District of Massachusetts

CHICOPEE SAVINGS BANK
COUNTRY BANK FOR SAVINGS
EASTHAMPTON SAVINGS BANK
HAMPDEN BANK
MONSON SAVINGS BANK and
UNITED BANK

PLAINTIFF

CIVIL ACTION NO. 11-30280

v.

**CITY OF SPRINGFIELD**

DEFENDANT

## NOTICE OF REMOVAL

The Defendant, **CITY OF SPRINGFIELD,** petitions for removal to this Court of

Civil Action No.11 1041, presently pending in the Massachusetts Superior Court, Springfield

Division, Department of the Massachusetts Trial Court sitting in Hampden County

("Superior Court Action").  In support, Defendant petitioners state the following:

1.      The Plaintiffs filed the Superior Court action on or about December 9, 2011, against

the Defendant petitioner.

2.      The Defendant petitioner, City of Springfield, was served the Complaint on

December 12, 2011.  No responsive pleadings have been filed in Superior Court by the

Defendant petitioner.  This petition is filed in this Court within thirty (30) days after notice of

the existence of the filing of the Superior Court action.

57873

3.     The Superior Court action involves an assertion by the Plaintiffs that City of

Springfield Ordinances 7.50 and 7.60 are invalid, as not a reasonable exercise of the regulatory

authority of the City of Springfield, and further states the Ordinances in question conflict with

existing state statutes, are beyond the scope of the authority of the Council, impose arbitrary,

unreasonable, vague and indefinite standards on the Plaintiffs, may result in an unconstitutional

taking in violation of the Fifth Amendment of the U.S. Constitution and relevant provisions of

the Massachusetts Declaration of Human Rights, violate procedural and substantive due process

rights of the Plaintiffs, and are inconsistent with pending state legislation. (See Exhibit A,

Plaintiff's Complaint for Declaratory Judgment).

The Plaintiff's complaint is comprised of an alleged controversy arising under the laws

of the United States and is a civil action over which the United States District Court has

original jurisdiction. Specifically, the complaint alleges a potential violation of the Takings

Clause of the U.S. Constitution, as well as procedural and substantive Due Process rights

under the 14th Amendment to the Constitution. This Court therefore has original jurisdiction of

the above-entitled action pursuant to 28 USC § 1331, and removal of the action to this Court is

proper pursuant to 28 USC § 1441(b).

4.     Written notice of the filing of this petition will be given to all parties as required by

law.

5.     A true and correct copy of this petition will be filed with the Clerk of the Hampden

County Superior Court, Springfield Division of the Commonwealth of Massachusetts, as

required by law.

57873

6.     There is attached herewith a true and correct copy of all process, pleadings and orders obtained by the defendants which have been filed in the Superior Court action (Exhibit B).

Wherefore, the petitioners request that the above-described Superior Court action now be removed to this Court.

Dated: December 16, 2011

Respectfully submitted.

By:

_____/s/ Edward M. Pikula_____
Edward M. Pikula, BBO#399770
City Solicitor
CITY OF SPRINGFIELD LAW DEPARTMENT
36 Court Street, 2nd floor
Springfield, Massachusetts
Telephone:     (413) 787-6085
Telefax:       (413) 787-6173

_____/s/ Lisa C. deSousa_____
Lisa C. deSousa, BBO # 546115
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPARTMENT
95 State Street, 6th floor
Springfield, Massachusetts 01103
Telephone:     (413) 886-5206
Telefax:       (413) 787-6515

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a true copy of the within Defendant's Notice of Removal was this day served upon Plaintiff by electronic filing, as well as mailing copy of same or hand delivery to: Attorney Tani Sapirstein, 1350 Main Street, 12th floor, Springfield, Massachusetts 01103. SIGNED under the pains and penalties of perjury.

Dated:  December 16, 2011

_____/s/ Thomas D. Moore_____
Thomas D. Moore, Esquire

_____/s/ Thomas D. Moore_____
Thomas D. Moore, BBO# 669709
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPARTMENT
95 State Street, 6th floor
Springfield, Massachusetts 01103
Telephone:     (413) 886-5206
Telefax:       (413) 787-6515

57873

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Chicopee Savings Bank, Country Bank for Savings, Easthampton Savings Bank, Hampden Bank, Monson Savings Bank, and United Bank | City of Springfield |

**(b)** County of Residence of First Listed Plaintiff    Hampden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hampden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tani E. Sapirstein, Sapirstein and Sapirstein, P.C. 1350 Main Street, 12th floor, Springfield, Massachusetts 01103
413-827-7500

Attorneys *(If Known)*
Edward M. Pikula, Lisa C. deSousa, John T. Liebel, Thomas D. Moore
City of Springfield Law Department, 36 Court Street, 2nd floor, Springfield, Massachusetts 01103; 413-787-6085

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☒ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - | | |
| | Other | ☐ 560 Civil Detainee - | Alien Detainee | | |
| | ☐ 448 Education | Conditions of | (Prisoner Petition) | | |
| | | Confinement | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1331 – Original Jurisdiction based on Federal Question ; U.S. Constitution
Brief description of cause:
Plaintiff alleges that two City Ordinances are unconstitutional violations of the Takings and Due Process clauses

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    12/14/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___Chicopee Savings Bank, et al. v. City of Springfield

   _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   [ ]  I.     410, 441, 470, 535, 830*, 891, 893, 894, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.    110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442-446, 710, 720, 730, 740, 790,
              820*, 840*,  850, 870, 871.

   [✓] III.   120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 368, 385, 400, 422, 423,
              450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 610, 620, 625, 630, 640, 650, 660, 690, 791, 810, 861-
              865, 875, 890, 892, 900, 950.

              *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES [ ]      NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)
                                                        YES [✓]      NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES [ ]      NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES [ ]      NO [✓]

7. Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES [✓]      NO [✗]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [✓]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [✗]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)

                                                        YES [ ]      NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Thomas D. Moore

ADDRESS  95 State Street, 6th floor, Springfield, Massachusetts 01103

TELEPHONE NO.  413-886-5207

(CategoryForm4-4-11.wpd - 4/4/11)

# EXHIBIT A

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY:   **HAMPDEN** | DOCKET NO.  **11 1041** |
|---|---|---|

| **PLAINTIFF(S)**<br>   CHICOPEE SAVINGS BANK, et al | **DEFENDANT(S)**<br>  CITY OF SPRINGFIELD |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Tani E. Sapirstein, Esq. 413/827-7500<br>Sapirstein & Sapirstein, P.C.<br>1350 Main St. 12th Fl.<br>Springfield, MA 01103<br><br>BBO#   236850 | ATTORNEY (IF KNOWN) |

**Origin code and track designation**

Place an x in one box only:
[ X ] 1. F01 Original Complaint
[   ] 2. F02 Removal to Sup.Ct. C.231,s.104
     (Before trial)               (F)
[   ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[   ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
[   ] 5. F05 Reactivated after rescript;relief from judgment/
      Order (Mass.R.Civ.P. 60)                  (X)
[   ] 6. E10 Summary Process Appeal              (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment<br>    G.L. c. 231A | (A) | Yes☒No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses                        $_____
   2.  Total Doctor expenses                          $_____
   3.  Total chiropractic expenses                   $_____
   4.  Total physical therapy expenses             $_____
   5.  Total other expenses (describe)     Subtotal  $_____
B.  Documented lost wages and compensation to date       $_____
C.  Documented property damages to date            $_____
D.  Reasonably anticipated future medical and hospital expenses  $_____
E.  Reasonably anticipated lost wages             $_____
F.  Other documented items of damages (describe)
                                       $_____

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

**Total $**

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                        TOTAL    $...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ___Tani E. Sapirstein___     Date:  12/8/11

A.O.S.C. 3-2007      Tani E. Sapirstein

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | | * REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| A01 Services, Labor and Materials | (F) | | C01 Land Taking (eminent domain) | (F) | | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | | C02 Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | | C03 Dispute concerning title | (F) | | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | | C04 Foreclosure of mortgage | (X) | | or Municipality | (A) |
| A12 Construction Dispute | (A) | | C05 Condominium Lien & Charges | (X) | | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | | C99 Other (Specify) | (F) | | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | | E03 Claims against Commonwealth | (A) | | E08 Appointment of Receiver | (X) |
| or Municipality | | | or Municipality | | | E09 General Contractor bond, | |
| | | | | | | G.L. c. 149, ss. 29, 29a | (A) |
| *TORT | | | EQUITABLE REMEDIES | | | E11 Worker's Compensation | (X) |
| B03 Motor Vehicle Negligence- | (F) | | D01 Specific Performance of Contract | (A) | | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| personal injury/property damage | | | D02 Reach and Apply | (F) | | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| B04 Other Negligence- | (F) | | D06 Contribution or Indemnification | (A) | | E15 Abuse Petition, G. L. c. 209A | (X) |
| personal injury/property damage | | | D07 Imposition of a Trust | (A) | | E16 Auto Surcharge Appeal | (X) |
| B05 Products Liability | (A) | | D08 Minority Stockholder's Suit | (A) | | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B06 Malpractice-Medical | (A) | | D10 Accounting | (A) | | E18 Foreign Discovery Proceeding | (X) |
| B07 Malpractice-Other (Specify) | (A) | | D12 Dissolution of Partnership | (A) | | E19 Sex Offender Registry G.L. c. 6, | |
| B08 Wrongful Death, G.L.c.229, s.2A | (A) | | D13 Declaratory Judgment G.L. c. 231A | (A) | | s. 178M | (X) |
| B15 Defamation (Libel-Slander) | (A) | | D99 Other (Specify) | (F) | | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (A) | | | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | | | |
| E03 Claims against Commonwealth | (A) | | | | | | |
| or Municipality | | | | | | | |

**\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
**\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes     [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                          Superior Court Department
                                      Civil Action No.      11  1041

CHICOPEE SAVINGS BANK             )
COUNTRY BANK FOR SAVINGS          )
EASTHAMPTON SAVINGS BANK          )
HAMPDEN BANK                      )
MONSON SAVINGS BANK and           )
UNITED BANK                       )
                                  )
              PLAINTIFFS          )
                                  )
v.                                )
                                  )
CITY OF SPRINGFIELD               )
                                  )
              DEFENDANT           )

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND EQUITABLE RELIEF

I.    **INTRODUCTION**

Now come the Plaintiffs in the above entitled and captioned matter and request that this Honorable Court issue a Declaratory Judgment and other relief regarding the validity and enforceability of Title 7, Chapter 7.50 of the Revised Ordinances of the City of Springfield, 1986 as amended, specifically Sections 7.50.020, 7.50.030, 7.50.050, 7.50.060, 7.50.070, and 7.50.100 (the "Foreclosure Ordinance") and Title 7, Chapter 7.60 of the Revised Ordinances of the City of Springfield, 1986, as amended, specifically Sections 7.60.020, 7.60.050, 7.60.060 and 7.60.070 (the "Mediation Ordinance") (collectively the "Ordinances").  Copies of the Ordinances are attached hereto as Exhibits "1" and "2".

On or about November 21, 2011, the Springfield City Council ("Council") revised the Ordinances. Such revisions, which were effective on September 13, 2011, impose obligations on mortgagees, including but not limited to the Plaintiffs, which are vague, conflict with statutes or established law in the Commonwealth of Massachusetts, expose mortgagees to potential civil and criminal liability, are inconsistent with bills pending before the state legislature, and violate procedural and substantive due process rights guaranteed under the U.S. Constitution and Massachusetts Declaration of Rights.

As the Ordinances were effective on September 13, 2011 and given the conflict between the Ordinances, existing state statutes, as well as potential procedural and substantive due process issues under the state and federal constitutions, an actual controversy exists between the Plaintiffs and the Defendant as to the validity and enforcement of the Ordinances.

## II.   <u>FACTS</u>

1.     The Plaintiff, Chicopee Savings Bank, is a banking institution organized under the laws of the Commonwealth of Massachusetts with a place of business at 70 Center Street, Chicopee, Hampden County, Massachusetts ("CSB").

2.     The Plaintiff, Country Bank for Savings, is a banking institution organized under the laws of the Commonwealth of Massachusetts with a place of business at 75 Main Street, Ware, Hampshire County, Massachusetts ("CBS").

3.     The Plaintiff, Easthampton Savings Bank, is a banking institution organized under the laws of the Commonwealth of Massachusetts with a place of business at 36 Main Street, Easthampton, Hampshire County, Massachusetts ("ESB").

4.     The Plaintiff, Hampden Bank, is a banking institution organized under the laws of the Commonwealth of Massachusetts with a place of business at 19 Harrison Avenue, Springfield, Hampden County, Massachusetts ("HSB").

5.     The Plaintiff, Monson Savings Bank, is a banking institution organized under the laws of the Commonwealth of Massachusetts with a place of business at 146 Main Street, Monson, Hampden County, Massachusetts ("MSB").

6.     The Plaintiff, United Bank, is a banking institution organized under the laws of the Commonwealth of Massachusetts with a place of business at 95 Elm Street, West Springfield, Hampden County, Massachusetts ("UB").

7.     The Defendant, City of Springfield, is a municipality located in, and existing under the laws of the Commonwealth of Massachusetts with offices at 36 Court Street, Springfield, Hampden County, Massachusetts.

8.     This Court has jurisdiction of this matter pursuant to Massachusetts General Laws c. 231A, §§ 1 and 2.

9.     At all times material to this action, each of the Plaintiffs has been and will be engaged in the business of lending to homeowners in the City of Springfield and securing such loans with mortgages on real property.

10.    At all times material to this action, each of the Plaintiffs has been and will be engaged in the business of entering into mortgage agreements or has entered into mortgages with homeowners in the City of Springfield.

11.    At all times material to this action, each of the Plaintiffs has been and will be engaged in foreclosing on mortgages in the event a borrower defaults under a mortgage agreement.

12.     The Council recently revised the Foreclosure Ordinance which, *inter alia,* expanded the definition of "Owner".  For purposes of the Foreclosure Ordinance, "Owner" is defined as:

> "Owner" - every person, entity, service company, property manager or real estate Broker, who alone or severally with others:
>
> 1.     Has legal title to any real property, including but not limited to a dwelling, dwelling unit, mobile dwelling unit, or parcel of land, vacant or otherwise, including a mobile home park; or
>
> 2.     Has care, charge or control of real property, including but not limited to any dwelling, dwelling unit, mobile dwelling unit, or parcel of land, vacant or otherwise, including a mobile home park, or any administrator, administratrix, executor, trustee or guardian of the estate of the holder of legal title; or
>
> 3.     Is a mortgagee of any such property who has initiated the foreclosure process as defined in this section;
>
> 4.     Is an agent trustee or other person appointed by the courts and vested with possession or control of any such property; or
>
> 5.     Is an officer or trustee of the association of unit owners of a condominium.  Each such person is bound to comply with the provisions of these minimum standards as if he were the owner. However, "owner" shall not mean a condominium association created pursuant to General Laws chapter 183A to the extent that such association forecloses on or initiates the foreclosure process for unpaid assessments due or owing to the association; or
>
> 6.     Every person who operates a rooming house; or

7.    Is a trustee who holds, owns or controls mortgage loans for mortgage-backed securities transactions and has initiated the foreclosure process.

13.    The Foreclosure Ordinance defines "Foreclosing" as:

"Foreclosing" - the process by which a property, placed as security for a real estate loan, is prepared for sale to satisfy the debt if the borrower defaults.

14.    The expansive definition of "Owner" in the Foreclosure Ordinance, particularly the inclusion of mortgagees who are not in possession but have initiated the foreclosure process without making entry onto the premises, directly conflicts with mortgage foreclosure statutes in the Commonwealth of Massachusetts.

15.    Under existing Massachusetts law, mortgagees in possession have been held responsible for maintenance and repair while mortgagees who are not in possession have not.

16.    The Foreclosure Ordinance defines "Initiation of the Foreclosure Process" as:

"Initiation of the Foreclosure Process" - taking any of the following actions:

1.    Taking possession of a residential property pursuant to General Laws chapter 244 section 1;

2.    Commencing a foreclosure action on a property in any court of competent jurisdiction, including without limitation filing a complaint in Land Court under the Servicemembers Civil Relief Act - Public Law 108-189 (50 U.S.C.S. App. § 501-536);

> 3.     In any instance, where the mortgage authorizes mortgagee entry to make repairs upon mortgagor's failure to do so.

17.     The Foreclosure Ordinance requires Owners of vacant and/or foreclosing property to take the following actions:

> a.     Provide written notification to the Commissioner and the fire commissioner of the status of such property, including in such notice, the name, address and telephone number of the owner or person in control of the property; the location of the property; the length of time the building has been vacant (where applicable); the estimated time the building will remain vacant (where applicable); and the nature of the contents of the building; and

> b.     As may be required by the fire commissioner, file one set of space utilization floor plans for any buildings on said property with the fire chief and one set of said plans with the Commissioner.  The owner shall certify space utilization plans as accurate twice annually, in January and July; and

> c.     Remove from the property, to the satisfaction of the fire commissioner, hazardous material as that term is defined in Massachusetts General Laws, chapter 21K [sic], as that statute may be amended from time to time; and

> d.     At the discretion of the Commissioner, secure all windows and door openings and ensure that the building is secured from all unauthorized entry continuously in accordance with the United States Fire Administration, National Arson Initiative Board up [sic] Procedures or provide twenty-four (24) hour on-site security personnel on the property. When a vacant or foreclosing property is located within a complex of

buildings owned by a single owner, twenty-four (24) hour on-site security shall be provided within the building or within the complex wherein the building is located; and

e.     Where a property is vacant, post "No Trespassing" signs on the property; and

f.     Maintain the property in accordance with this Chapter, free of overgrowth trash and debris, and pools of stagnant water, and ensure that structures are maintained in a structurally sound condition; and

g.     If the property is vacant, drain all water from the plumbing and turn off all electricity between September 15 and June 15 of each calendar year to guard against burst pipes and fires; and

h.     Maintain the property in accordance with the Massachusetts State Sanitary Code, the Massachusetts State Building Code and all specialized codes incorporated therein, and any Springfield Ordinances concerning the maintenance of property and the Springfield Zoning Ordinances; and

i.     Provide the fire commissioner and Commissioner with the name, local address, and telephone number of a responsible person who can be contacted in case of emergency.  The owner shall cause the name and contact number to be marked on the front of the property as may be required by the fire commissioner or Commissioner; and

j.     Maintain liability insurance on the property and furnish the director with a copy of said certificate of insurance; and

k.    Provide a cash bond acceptable to the Commissioner, in the sum of not less than ten thousand (10,000.00) dollars, to secure the continued maintenance of the property throughout its vacancy and remunerate the city for any expenses incurred in inspecting, securing, marking or making such building safe.  A portion of said bond shall be retained by the city as an administrative fee to fund an account for expenses incurred in inspecting, securing, and marking said building and other such buildings that are not in compliance with this Section.  Any owner of a vacant or foreclosing property providing a bond pursuant to this section must also provide bonds for all other vacant or foreclosing properties it owns in the City; and

l.    Notify the Commissioner in writing when the property is sold or transferred.

18.    Owners, as defined by the Foreclosure Ordinance, must comply with the requirements as described in Paragraph 16(a) - (l) in order to obtain a Certificate of Compliance from the Building Commissioner for the City of Springfield.

19.    Failure to obtain a Certificate of Compliance exposes an Owner, as defined by the Foreclosure Ordinance to include mortgagees who are not in possession of the subject real estate, to expenses incurred by the City of Springfield for maintaining said property.

20.    Failure to comply with any provision of the Foreclosure Ordinance exposes an Owner to a fine of Three Hundred and 00/100 ($300.00) Dollars per day, criminal liability and equitable remedies, pursuant to 7.50.100.

21.    Several of the obligations imposed upon these Plaintiffs expose the Plaintiffs to civil and criminal liability.  Mortgagees who are not in possession of

the real estate have no legal right to enter such real estate.  Some of the obligations imposed upon the Plaintiffs require that such mortgagees enter the property.  This entry exposes the Plaintiffs to trespass actions by mortgagors.

22.     Several of the obligations imposed upon the Plaintiffs are vague and do not provide the Plaintiffs with sufficient notice of the requirements of the Foreclosure Ordinance.  For example, 7.50.30 (A) requires certain actions by Plaintiffs unless exempt from such actions by Massachusetts General Laws.  It is unclear from this language what actions Plaintiffs are required to perform and what actions are exempt by Massachusetts General Laws.  The Foreclosure Ordinance does not provide any guidance as to what actions are or are not exempt under existing state law.  This language exposes Plaintiffs to liability without clearly articulating the required or prohibited conduct.

23.     It is unclear whether the Foreclosure Ordinance applies to commercial and residential property or is only applicable to residential property as the definition of "Building" is "any combination of materials having a roof and enclosed within exterior walls or firewalls, built to form a structure for the shelter of persons."  "Property" is defined as "any real residential property, or portion thereof, located in the city, including buildings or structures situated on the property; provided, however, that 'property' shall not include property owned or under the control of the city, the Commonwealth or the United States of America."

24.     The Mediation Ordinance establishes a mediation program and requires mortgagees to participate in the mediation program.  Further, the Mediation Ordinance requires mortgagees to obtain a certificate verifying the mortgagees good faith participation in foreclosure mediation under 7.60.030.

25.     In order to obtain a certificate of good faith participation, at least the following issues are required to be addressed:  reinstatement of the mortgage,

modification of the loan and restructuring of the mortgage debt, including the reduction and <u>forgiveness of the mortgage</u> debt under 7.60.050 (emphasis added).

26.     Failure to participate in the mediation program subjects the Plaintiffs to a daily fine of Three Hundred and 00/100 ($300.00) Dollars.

27.     Upon information and belief, a mediation ordinance proposed by the City of Boston has been referred to the state legislature as a home rule petition.

28.     The revisions to the Ordinances are invalid as such revisions are not a reasonable exercise of the regulatory authority of the City of Springfield, the Ordinances conflict with existing state statutes, are beyond the scope of the authority of the Council, impose arbitrary, unreasonable, vague and indefinite standards on the Plaintiffs, may result in an unconstitutional taking in violation of the Fifth Amendment of the U.S. Constitution and relevant provisions of the Massachusetts Declaration of Human Rights, violate procedural and substantive due process rights of the Plaintiffs, and are inconsistent with pending state legislation.

29.     An actual controversy exists between each of the Plaintiffs and the Defendant.

WHEREFORE, the Plaintiffs request judgment:

1.     That Title 7, Chapters 7.50 and 7.60 be declared invalid and
unconstitutional;

2.      That the City of Springfield be enjoined from enforcing Title 7,
        Chapters 7.50 and 7.60 if this Court finds them to be invalid and
        unconstitutional; and

3.      That this Court grant such other and further relief as it may deem
        just and proper.

                        Respectfully submitted,

                        The Plaintiffs,
                        Chicopee Savings Bank, et al,


                        By: _Tani E. Sapirstein_____
                            Tani E. Sapirstein, Esq.
                            BBO No. 236850
                            Sapirstein & Sapirstein, P.C.
                            1350 Main St., 12th Floor
                            Springfield, MA 01103
                            Tel. (413) 827-7500
Dated:  December 8, 2011        Fax (413) 827-7797

K:\WP61\CASEFILE\MA Bankers Assoc.663\Complaint Verified for Declaratory Judgment and Equitable Relief 10-18-11
.doc

EXHIBIT # 1

*Revised*

AMENDING TITLE 7, CHAPTER 7.50 OF THE REVISED ORDINANCES OF THE CITY OF SPRINGFIELD, 1986, AS AMENDED, BY AMENDING SECTIONS 7.50.020, 7.50.030, 7.50.050, 7.50.060, 7.50.070, AND 7.50.100 – REGULATING THE MAINTENANCE OF VACANT AND/OR FORECLOSING RESIDENTIAL PROPERTIES AND FORECLOSURES OF OWNER OCCUPIED RESIDENTIAL PROPERTIES.

Title 7, of the Revised Ordinances of the City of Springfield, 1986, as amended, hereby further amended by making the following amendments to Chapter 7.50 thereto:

Chapter 7.50

REGULATING THE MAINTENANCE OF VACANT AND/OR FORECLOSING RESIDENTIAL PROPERTIES AND FORECLOSURES OF OWNER OCCUPIED RESIDENTIAL PROPERTIES

Sections:

| | |
|---|---|
| 7.50.010 | Purpose. |
| 7.50.020 | Definitions. |
| 7.50.030 | Registration of vacant and/or foreclosed residential properties Qualifications for Commissioners. |
| 7.50.040 | Signs/Markings. |
| 7.50.050 | Properties without Certificate of Compliance with Ordinance 7.50. |
| 7.50.060 | Expenses. |
| 7.50.070 | Duty to Maintain Property. |
| 7.50.080 | Nuisance Referral. |
| 7.50.090 | Notice. |
| 7.50.100 | Enforcement and Penalty. |

7.50.010   Purpose.   Unsecured and un-maintained vacant properties and foreclosing properties present a danger to the safety and welfare of public safety officers, the public, occupants, abutters and neighborhoods, and as such, constitute a public nuisance.   This section is enacted to promote the health, safety and welfare of the public, to protect and preserve the quiet enjoyment of occupants, abutters and neighborhoods, and to minimize hazards to public safety personnel inspecting or entering such properties.

2

7.50.020  Definitions.  The following words and phrases, when used in this section, shall have the following meanings:

A.  "Building" – any combination of materials having a roof and enclosed within exterior walls or firewalls, built to form a structure for the shelter of persons.

B.  "Certificate of Compliance with Ordinance 7.50" – certificate issued by the Commissioner to the owner of a vacant and/or foreclosing property upon compliance with the provisions of this section.

C.  "Commissioner" – the Building Commissioner for the City of Springfield

D.  "Days" – consecutive calendar days

E.  "Fire Commissioner" – the commissioner of the Springfield Fire Department or his or her designee

F.  "Foreclosing" – the process by which a property, placed as security for a real estate loan, is prepared for sale to satisfy the debt if the borrower defaults.

G.  "Initiation of the Foreclosure Process" – taking any of the following actions:

1.  Taking possession of a residential property pursuant to General Laws chapter 244 section 1;

2.  Commencing a foreclosure action on a property in any court of competent jurisdiction, including without limitation filing a complaint in Land Court under the Servicemembers Civil Relief Act – Public Law 108-189 (50 U.S.C.S. App. § 501-536);

3.  In any instance, where the mortgage authorizes mortgagee entry to make repairs upon mortgagor's failure to do so.;

H.  "Local" – within twenty (20) miles of the property in question.

I.  "Mortgagee" – the creditor including but not limited to, service companies, agents, lenders in a mortgage agreement, and any successor in interest and/or assignee of the mortgagee's rights, interests or obligations under the mortgage agreement.

J.  "Owner" – every person, entity, service company, property manager or real estate Broker, who alone or severally with others:

1.  Has legal title to any real property, including but not limited to a dwelling, dwelling unit, mobile dwelling unit, or parcel of land, vacant or otherwise, including a mobile home park; or

2.  Has care, charge or control of real property, including but not limited to any dwelling, dwelling unit, mobile dwelling unit, or parcel of land, vacant or otherwise, including a mobile home park, or any administrator, administratrix, executor, trustee or guardian of the estate of the holder of





legal title; or

3.  Is a mortgagee of any such property who has initiated the foreclosure process as defined in this section;

4.  Is an agent trustee or other person appointed by the courts and vested with possession or control of any such property; or

5.  Is an officer or trustee of the association of unit owners of a condominium. Each such person is bound to comply with the provisions of these minimum standards as if he were the owner. However, "owner" shall not mean a condominium association created pursuant to General Laws chapter 183A to the extent that such association forecloses on or initiates the foreclosure process for unpaid assessments due or owing to the association; or

6  Every person who operates a rooming house; or

7.  Is a trustee who holds, owns or controls mortgage loans for mortgage-backed securities transactions and has initiated the foreclosure process.



K.)  "Property" – any real residential property, or portion thereof, located in the city, including buildings or structures situated on the property; provided, however, that "property" shall not include property owned or under the control of the city, the Commonwealth or the United States of America.

L.  "Secured, Securing" – making the property inaccessible to unauthorized persons.

M.  "Vacant" – any property not currently legally occupied and not properly maintained or secured.



7.50.030  Registration of vacant and/or foreclosed residential properties.  A.  Any owner of a vacant and/or foreclosing property shall, unless exempt from such actions by Massachusetts General Laws, within thirty (30) days of the property becoming vacant or within fifteen (15) days of the initiation of the foreclosure process:

1.  Provide written notification to the Commissioner and the fire commissioner of the status of such property, including in such notice, the name, address and telephone number of the owner or person in control of the property; the location of the property; the length of time the building has been vacant (where applicable); the estimated time the building will remain vacant (where applicable); and the nature of the contents of the building; and

2.  As may be required by the fire commissioner, file one set of space utilization floor plans for any buildings on said property with the fire chief and one set of said plans with

4

the Commissioner. The owner shall certify space utilization *how* plans as accurate twice annually, in January and July; and

    3.    Remove from the property, to the satisfaction of the fire commissioner, hazardous material as that term is defined in Massachusetts General Laws, chapter 21K, as that statute may be amended from time to time; and

    4.    At the discretion of the Commissioner, secure all windows and door openings and ensure that the building is secured from all unauthorized entry continuously in accordance with the United States Fire Administration, National Arson Initiative Board up Procedures or provide twenty-four (24) hour on-site security personnel on the property. When a vacant or foreclosing property is located within a complex of buildings owned by a single owner, twenty-four (24) hour on-site security shall be provided within the building or within the complex wherein the building is located; and

    5.    Where a property is vacant, post "No Trespassing" signs on the property; and

    6.    Maintain the property in accordance with this Chapter, free of overgrowth trash and debris, and pools of stagnant water, and ensure that structures are maintained in a structurally sound condition; and

    7.    If the property is vacant, drain all water from the plumbing and turn off all electricity between September 15 and June 15 of each calendar year to guard against burst pipes and fires; and

    8.    Maintain the property in accordance with the Massachusetts State Sanitary Code, the Massachusetts State Building Code and all specialized codes incorporated therein, and any Springfield Ordinances concerning the maintenance of property and the Springfield Zoning Ordinances; and

    9.    Provide the fire commissioner and Commissioner with the name, local address, and telephone number of a responsible person who can be contacted in case of emergency. The owner shall cause the name and contact number to be marked on the front of the property as may be required by the fire commissioner or Commissioner; and,

    10.    Maintain liability insurance on the property and furnish the director with a copy of said certificate of insurance; and

    11.    Provide a cash bond acceptable to the Commissioner, in the sum of not less than ten thousand (10,000.00) dollars, to secure the continued maintenance of the property throughout its vacancy and remunerate the city for any expenses incurred in inspecting, securing, marking or making such building safe. A portion of said bond shall be retained by the city as an administrative fee to fund an account for

expenses incurred in inspecting, securing, and marking said building and other such buildings that are not in compliance with this Section. Any owner of a vacant or foreclosing property providing a bond pursuant to this section must also provide bonds for all other vacant or foreclosing properties it owns in the City.

      12.  Notify the Commissioner in writing when the property is sold or transferred.

     B.  Upon satisfactory compliance with the above provisions the Commissioner shall issue a Certificate of Compliance with Ordinance 7.50. Said certificate shall be valid for the length of time prescribed by the director and noted thereon; provided, however, the certificate shall be subject to continued compliance with the provisions of this section.

    7.50.040  Signs/Markings.  When required pursuant to this section signs or markings shall be applied on the front of the property, and elsewhere as the fire commissioner or Commissioner may require, at or above the second floor level and shall not be placed over doors windows or other openings. All signs/markings shall be visible from the street and when requested by the fire commissioner or Commissioner shall be placed on the sides and rear of the property Signs markings shall be a minimum of 24 inches by 24 inches, with lines of 2 inch width, and shall have a reflective background, or be painted with reflective paint in contrasting colors. Signs/markings shall be applied directly on the surface of the property, and shall state the date of posting and the most recent date of inspection by the fire chief and Commissioner.

    7.50.050  Properties without Certificate of Compliance with Ordinance 7.50.  The Commissioner, upon being informed of the existence of a vacant or foreclosing property without a Certificate of Compliance with Ordinance 7.50, shall cause notice to issue to the owner of the status of said property and shall order said person to immediately obtain a Certificate of Compliance with Ordinance 7.50. If any person fails to comply with said order, the Commissioner and agents thereof may enter the premises to inspect, and further may seek court orders to enter upon the premises to secure, clean, and remove any pools of stagnant water.

    7.50.060  Expenses.  The owner of a vacant or foreclosing property who fails to obtain a Certificate of Compliance with Ordinance 7.50 as required herein, shall be liable to the city for expenses incurred by the city in securing such property, for removing rubbish and overgrowth and/or for abating stagnant

6

pools of water. The Commissioner shall provide the owner with a written statement of all costs associated with inspecting, securing, and marking the property, and removing rubbish or overgrowth, or abating stagnant pools of water. If the owner fails to pay or reimburse the city within seven days of notice of expenses the city shall draw down upon the bond paid by the owner as required in Chapter 7.50.030 (11). If there is no bond available, the Commissioner shall record the notice of claim in the Hampden County Registry of Deeds (or the Land Court Department) forthwith, and shall have the right to file a civil action in the Western Division Housing Court to establish a lien on the property for the balance due.

7.50.070   Duty to Maintain Property.   A.   No owner of a vacant or foreclosing property shall allow said property to become or remain unsecured, or to contain an accumulation of rubbish, or to contain overgrowth, or to have a stagnant pool of water. If it appears that any vacant or foreclosing property is unsecured, contains rubbish, overgrowth, or a stagnant pool of water, the Commissioner shall send written notification to the owner, requiring that the owner promptly secure the property, remove the rubbish or overgrowth, or abate the stagnant pool of water.

B.   If the owner fails to comply with any notice issued pursuant to this provision, the Commissioner may immediately seek to obtain the proceeds secured by the bond filed pursuant to 7.50.030 (11) herein and shall enter upon the premises and cause the property to be inspected, and further may seek court orders to enter upon the premises to secure, clean, and remove any pools of stagnant water.

7.50.080   Nuisance Referral.   All unsecured vacant or foreclosing properties shall be immediately referred to the Commissioner for a determination relative to whether the property is a nuisance or dangerous pursuant to chapter 139 and procedures promulgated thereunder.

7.50.090   Notice.   A.   Notices required pursuant to this section shall be served in the following manner:
        1.   Personally on any owner as defined in this section or on the contact person specified pursuant to Chapter 7.50.030 (9); or ,
        2.   Left at the last and usual place of abode of any owner, or contact person as specified pursuant to Chapter 7.50.030 (9), if such place of abode is known and is within or without the commonwealth; or,

7

3.   By certified or registered mail, return receipt requested, to any owner, or the contact person specified pursuant to Chapter 7.50.030 (9).

7.50.100   Enforcement and Penalty.   A. Failure to comply with any provision of this ordinance shall be punished by a fine of three hundred (300.00) dollars pursuant to M.G.L. 40 section 21D, with each day of violation constituting a separate offence. B.  This section may also be enforced by civil, criminal process or non-criminal process including injunctive relief. The Commissioner and/or the fire commissioner shall be enforcing persons for purposes of this section.

Approved as to form:

Thomas D. Moore
Assistant City Solicitor

EXHIBIT #2

AMENDING TITLE 7, CHAPTER 7.60 OF THE REVISED ORDINANCES OF THE CITY OF SPRINGFIELD, 1986, AS AMENDED, BY AMENDING SECTIONS 7.60.020, 7.60.050, 7.60.060 AND 7.60.070 – FACILITATING MEDIATION OF MORTGAGE FORECLOSURES OF OWNER OCCUPIED RESIDENTIAL PROPERTIES.


Title 7, of the Revised Ordinances of the City of Springfield, 1986, as amended, hereby further amended by making the following amendments to Chapter 7.60 thereto:


Chapter 7.60

FACILITATING MEDIATION OF MORTGAGE FORECLOSURES OF OWNER
OCCUPIED RESIDENTIAL PROPERTIES

Sections:

    7.60.010   Purpose.
    7.60.020   Definitions.
    7.60.030   Requirement for mediation certificate.
    7.60.040   Establishment of mediation program
    7.60.050   Scope of mediation program.
    7.60.060   Confidentially in mediation.
    7.60.070   Notice.
    7.60.080   Administration of mediation program.
    7.60.090   Authorization for establishment of mediation
               registration fee.
    7.60.100   Penalty and Enforcement
    7.60.110   Severability

    7.60.010   Purpose.   Unsecured and un-maintained vacant properties and foreclosing properties present a danger to the safety and welfare of public safety officers, the public, occupants, abutters and neighborhoods, and as such, constitute a public nuisance. This section is enacted to promote the health, safety and welfare of the public, to protect and preserve the quiet enjoyment of occupants, abutters and neighborhoods, and to minimize hazards to public safety personnel inspecting or entering such properties.

7.60.020 Definitions. For the purposes of this Ordinance, the following words shall, unless the context clearly requires otherwise, have the following meanings:

A.   "Creditor" - a person or entity that holds or controls, partially, wholly, indirectly, directly, or in a nominee capacity, a mortgage loan securing a residential property, including, without limitation, a mortgagee, an originator, holder, investor, assignee, successor, trust, trustee, nominee holder, Mortgage Electronic Registration System or mortgage servicer, including the Federal National Mortgage Association or the Federal Home Loan Mortgage Corporation. "Creditor" shall also include any servant, employee or agent of a creditor.

B.   "Good Faith Effort" - an effort by each party upon being present or taking part in the mediation conference as required and defined by this Act in an effort to negotiate and agree upon a commercially reasonable alternative to foreclosure as described in G.L. c. 244, §35A(c).

C.   "Homeowner" - an individual mortgagor, his or her assignee, successor, or a trust or trustee who owns and resides in residential real property located in the city, and for whom such residential real property is his/her principal residence.

D.   "Loan/mortgage Mediation Conference" - the formal discussion and negotiation undertaken by the parties in a good faith effort to negotiate and agree upon a commercially reasonable alternative to avoid foreclosure and held at a location mutually convenient to the parties. Both the homeowner/mortgagor and lender/mortgagee must be physically present for the mediation conference unless telephone participation is mutually agreed upon.

E.   "Mediation Program or Program" - the foreclosure mediation program established in the city of Springfield pursuant to this Act and described in Section 6.

F.   "Mediation Program Manager" - a neutral not-for-profit organization with offices located in the city of Springfield and experienced in the mediation of the residential foreclosure process, familiar with all programs available to help homeowners avoid foreclosure, and knowledgeable of the mortgage foreclosure laws of the commonwealth. The Mediation Program Manager shall sign a user agreement with the city authorizing the receipt and use of personal and financial information for the purposes of the mediation program only. Such Mediation Program Manager shall ensure the security and confidentiality of any and all information received or exchanged under the program consistent with applicable federal, state, and city laws. Access to such program information shall be limited to those officers and employees of the organization who require the information to

obtain a certificate verifying the mortgagee's good faith participation in foreclosure mediation.

7.60.040   Establishment of Mediation Program.   The city of Springfield is hereby empowered to establish a mediation program relative to mortgage foreclosures in accordance with this Ordinance and promulgate regulations as necessary and appropriate to implementing such a mediation program involving mortgagees, creditors, mortgagors, homeowners, utilizing city-approved mediation program managers and mediators to mediate between the mortgagee, or its assigns, and a mortgagor/homeowner who owns residential real property in the city which is occupied by the mortgagor as his or her principal residence. Such mediation shall be facilitated by a city-approved mediation program manager according to procedures established by this Ordinance. Said mediation program may only relate to the mediation of mortgage foreclosures of residential real property in the city of Springfield that is the mortgagor's principal residence.

7.60.050   Scope of Mediation Program.   A.   The city shall establish a mediation program to provide mediation for all foreclosures of mortgages on owner-occupied residential property with no more than four (4) units that is the primary residence of the owner-occupant. The program shall address all issues of foreclosure where applicable, including but not limited to reinstatement of the mortgage, modification of the loan and restructuring of the mortgage debt, including the reduction and forgiveness of mortgage debt. The Parties are required to make a good faith effort in mediation as defined in this section. Mediations conducted pursuant to the program shall use the calculations, assumptions and forms that are established by (i) the Federal Deposit Insurance Corporation and published in the Federal Deposit Insurance Corporations Loan Modification Program Guide available on the Federal Deposit Insurance Corporation's publicly accessible website, (ii) the Home Affordable Modification Program; (iii) any modification program that a lender uses which is based on accepted principles and the safety and soundness of the institution and recognized by the National Credit Union Administration, the Division of Banks or any other instrumentality of the commonwealth; (iv) the Federal Housing Agency; or (v) similar federal programs.
   B.   The city shall provide for a means of evaluating and selecting qualified Mediation Program Managers. The city shall also provide for a means of assessing and evaluating annually the city's mediation program including reports and data related to (a) the number of mortgagors who are notified of mediation;

(b) the number of mortgagors who attend mediation and who receive counseling or assistance; (c) the number of certificates of completion issued under the program, and (d) the results of the mediation process, including the number of loans restructured, number of principal write-downs, interest rate reductions and, to the extent such information is available, the number of mortgagors who default on mortgages within a year after restructuring.

   C.   The city may terminate a Mediation Program Manager's participation in the mediation program for good cause, as determined by the appropriate city official.   In such case, the Mediation Program Manager shall deliver to the city all records and information in its possession for appropriate preservation and storage.

   7.60.060   Confidentiality   in   Mediation.   Except   for financial   information   otherwise   permitted   by   law   to   be disclosed, any financial statement or information provided to the city or its approved independent counseling agencies or provided to the mortgagee or mortgagor during the course of mediation in accordance with this Act is confidential and shall not be available for public inspection.   Any financial statement or information to reasonably facilitate the mediation shall be made available as necessary to the mediator and to the attorneys or representatives, if any, of the parties to the mediation. Any   financial   statement   or   information   designated   as confidential under this section shall be kept separate and apart from other papers and matters not the subject of the mediation. No   mortgagee   shall   be   required   to   disclose   information   in violation of the Massachusetts General Laws chapter 93H, and 201 CMR 17.

   7.60.070 Notice.   For the purpose of the mediation program established by the city, the city shall obtain a copy of all notices filed pursuant to G.L. c. 244 § 35A(g),(h), within ten (10) days of receipt by the Commissioner of the Division of Banks pursuant to G.L. c. 244, §35A(k) that relate to residential properties in the city of Springfield. The receipt of said notice shall constitute the beginning of the mediation process as set forth in this section, and at that time the city shall notify the creditor/mortgagee and the mortgagor of their rights and responsibilities under this Act regarding mediation. It is the intent and purpose of this Act that mediation commence within 45 days of the mortgagor receiving notice of his or her right to cure as provided in M.G.L. c. 244, §35A (g) and (h). The city shall refer the matter for mediation to an approved mediation program manager which shall have the

responsibility of assigning a mediator and scheduling the parties to immediately commence mediation pursuant to this Act. The parties shall participate in good faith in such mediation consistent with the creditor's and mortgagor's rights and obligations set forth in G.L. c. 244, §35A and the mediation shall proceed with the parties' good faith effort to negotiate and agree upon a commercially reasonable alternative to foreclosure as defined in c. 244, §35A(c). The mediation shall continue without delay until completion, but shall in no way constitute an extension of the foreclosure process, nor an extension of the right to cure period. Notwithstanding the limitation in the previous sentence, the mediation may be extended by mutual agreement for good cause.

7.60.080 Administration of Mediation Program. A. The mediation program established by this Ordinance shall include, and be limited to, the following steps:-

1. The parties shall participate in a mandatory loan/mortgage mediation conference at a location mutually convenient to the parties. All parties and/or their respective representatives present at said mediation conference must have authority to enter into any agreements renegotiating the mortgage that is the subject of the foreclosure, or to otherwise resolve the pending foreclosure. Telephone participation by the creditor/mortgagee shall not be permitted unless mutually agreed to by all parties.

2. Said mediation conference shall be scheduled at a time and place to be determined by the mediation program manager, but not later than forty-five (45) days following the mortgagor's receipt of his or her notice of right to cure. The parties will be noticed under the mediation program by certified and first class mail.

3. Prior to the scheduled mediation conference, the mortgagor shall be assigned a city-approved loan counselor. If the mortgagor is already working with a city-approved loan counselor, no assignment is necessary. However, such loan counselor must agree to work with the mortgagor during the mediation process in accordance with the provisions of this Ordinance.

4. The mortgagor shall cooperate in all respects with the Mediation Program Manager, providing all necessary financial and employment information. The mortgagor shall complete any and all loan resolution proposals and applications as appropriate. The mortgagor must provide evidence of current income. The mortgagee's representative brings and make available, the mortgage, note, all assignments, as well as a detailed accounting of the outstanding balance, costs and fees.

5.   If after two (2) attempts by the mediation program manager to contact the mortgagor, the mortgagor fails to respond to the mediation program manager's request to appear for the mediation conference, or the mortgagor fails to cooperate in any respect with the requirements outlined in this Ordinance, the requirements of the Ordinance will be deemed to be satisfied upon verification by the city-approved mediation program manager that the required notice was sent; and if so, a certificate shall be issued immediately by the mediation program manager certifying that the creditor/mortgagee has satisfied the mediation requirements of this Ordinance.

6.   If, it is determined after a good faith effort made by the creditor/mortgagee at the mediation conference with the mortgagor, that the parties cannot come to an agreement to re-negotiate the terms of the loan in an effort to avoid foreclosure, such good faith effort on behalf of the creditor/mortgagee shall be deemed to satisfy the requirements of this Ordinance. A certificate certifying such good faith effort pursuant to this Act shall be issued immediately and without delay by the Mediation Program Manager authorizing the creditor/mortgagee to proceed with its rights under Chapter 244 of the General Laws.

**7.60.090** Authorization for establishment of Mediation Registration fee.   The City of Springfield is hereby authorized to enact and from time to time revise by ordinance, a reasonable and appropriate mediation registration fee to be charged to the parties for the services attendant to administering the mediation program established under this Act. A mortgagor's portion of the fee shall not exceed fifteen percent (15%) of the total cost of the mediation.  A mortgagor's inability to pay for mediation shall not be a bar to participation in the Mediation Program.

**7.60.100 Penalty and Enforcement.** A mortgagee's failure to comply with any section of this ordinance shall result in a fine of $300.00 owed to the City of Springfield, for each instance of a violation, to be charged to the mortgagee in accordance with Massachusetts General Laws Chapter 40 section 21.

Every calendar day of non-compliance with the sections of this ordinance shall constitute a separate violation subject to the penalties described under this section, up until the end of the right to cure period.

Said fine or fines under this section shall be recovered by indictment or complaint pursuant to Massachusetts General Laws, Chapter 40 Section 21.

Any fines pursuant to this Ordinance shall not be charged to the borrower either directly or indirectly.

7.60.110 Severability. In the event any part of this ordinance shall be held invalid, such invalidity shall not invalidate the whole ordinance but the remaining provisions of this ordinance shall not be affected thereby.

Approved as to form:

Thomas D. Moore
Assistant City Solicitor

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 11-1041**

Chicopee Savings Bank, et al _____, PLAINTIFF(S)

V.

**SUMMONS**

City of Springfield _____, DEFENDANT(S)

<div style="writing-mode: vertical">NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.</div>

To the above named defendant: Keeper of Records
Wayman Lee, City Clerk
Springfield City Hall
36 Court St. Springfield, MA 01103

You are hereby summoned and required to serve upon Tani E. Sapirstein, Esq. _____, plaintiff's attorney, whose address is 1350 Main St. Springfield, MA 01103 _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esq., at Springfield the _____9th_____ day of _____December_____ in the year of our Lord two thousand ~~tenx~~ eleven.

Brian P. Lees
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

# COMMONWEALTH OF MASSACHUSETTS
# THE TRIAL COURT
# SUPERIOR COURT DEPARTMENT

|  |  |
|---|---|
| **CHICOPEE SAVINGS BANK**<br>**COUNTRY BANK FOR SAVINGS**<br>**EASTHAMPTON SAVINGS BANK**<br>**HAMPDEN BANK**<br>**MONSON SAVINGS BANK and**<br>**UNITED BANK,**<br><div align="right">PLAINTIFF</div><br>**v.**<br>**CITY OF SPRINGFIELD,**<br><div align="right">DEFENDANTS</div> | **CIVIL ACTION NO. 11 1041** |

## NOTICE OF REMOVAL

To: Attorney Tani Sapirstein
1350 Main Street, 12th floor
Springfield, Massachusetts 01103

Please take notice that on December 16, 2011, THE CITY OF SPRINGFIELD, Defendant in the above-entitled action, filed notice of removal, copies of which are attached hereto, of the above-entitled action to the United States District Court for the District of Massachusetts, Civil Action No.:11-30280 .

You are also advised that the Defendant, on filing such notice of removal in the office of the Clerk of the United States District Court for the District of Massachusetts, also filed copies of thereof with the Clerk of Superior Court, Hampden County, to effect removal pursuant to 28 USC §1446(d).

57478

Dated: December 16, 2011

Respectfully submitted.

By:

_____

Edward M. Pikula, BBO#399770
City Solicitor
CITY OF SPRINGFIELD LAW DEPARTMENT
36 Court Street, 2nd floor
Springfield, Massachusetts
Telephone:        (413) 787-6085
Telefax:            (413) 787-6173

_____

Lisa C. deSousa, BBO # 546115
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPARTMENT
95 State Street, 6th floor
Springfield, Massachusetts 01103
Telephone:        (413) 886-5206
Telefax:            (413) 787-6515

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true
copy of the within Defendant's Notice of
Removal was this day served upon Plaintiff
by electronic filing as well as mailing copy
of same or hand delivery to: Attorney Tani
Sapirstein, 1350 Main Street, 12th floor,
Springfield, Massachusetts 01103. SIGNED
under the pains and penalties of perjury.

Dated:  December 19, 2011

_____

Thomas D. Moore, Esquire

_____

Thomas D. Moore, BBO# 669709
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
95 State Street, 6th floor
Springfield, Massachusetts 01103
Telephone:        (413) 886-5206
Telefax:            (413) 787-6515

57872