# United States District Court
# District of Massachusetts

CHICOPEE SAVINGS BANK
COUNTRY BANK FOR SAVINGS
EASTHAMPTON SAVINGS BANK
HAMPDEN BANK
MONSON SAVINGS BANK and
UNITED BANK
            PLAINTIFF

CIVIL ACTION NO. 11-30280

v.

CITY OF SPRINGFIELD
            DEFENDANT

## DEFENDANT CITY OF SPRINGFIELD ANSWER TO THE PLAINTIFFS' COMPLAINT FOR DECLORATORY JUDGMENT AND EQUITABLE RELIEF

Now come the Defendant in the above captioned case and answer each and every allegation as follows:

### I. INTRODUCTION

The Defendant answers that the Introduction section of the Plaintiffs' complaint fails to comply with Fed R. Civ. P. Title II, Rule 10 (b) as it does not contain numbered paragraphs as required.

The Defendant denies the allegations set out in the first paragraph of the Introduction to the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

57873

The Defendant denies the allegations set out in the second paragraph of the Introduction to the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

The Defendant denies the allegations set out in the third paragraph of the Introduction to the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

## II. FACTS

1. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 1 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

2. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 2 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

3. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 3 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

4. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 4 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

5. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 5 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

57873

6. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 6 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

7. The Defendant admits the allegations set out in paragraph 7 of the Plaintiffs' complaint.

8. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 8 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

9. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 9 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

10. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 10 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

11. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 11 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

12. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 12 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

13. The Defendant admits the allegations set out in paragraph 13 of the Plaintiffs' complaint.

14. The Defendant denies the allegations set out in paragraph 14 of the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

15. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 15 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

16. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 16 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

17. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 17 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

18. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 18 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

19. The Defendant denies the allegations set out in paragraph 19 of the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

20. The Defendant admits the allegations set out in paragraph 20 of the Plaintiffs' complaint.

21. The Defendant denies the allegations set out in paragraph 21 of the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

22. The Defendant denies the allegations set out in paragraph 22 of the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

57873

23. The Defendant denies the allegations set out in paragraph 23 of the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

24. The Defendant admits the allegations set out in paragraph 24 of the Plaintiffs' complaint.

25. There is insufficient information to form a belief as to the truth of the allegations set out in paragraph 25 of the Plaintiffs' complaint. The Defendant calls upon the Plaintiffs to prove said allegations.

26. The Defendant admits the allegations set out in paragraph 26 of the Plaintiffs' complaint.

27. The Defendant admits the allegations set out in paragraph 27 of the Plaintiffs' complaint.

28. The Defendant denies the allegations set out in paragraph 28 of the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations.

29. The Defendant denies the allegations set out in paragraph 29 of the Plaintiffs' complaint and calls upon the Plaintiffs to prove said allegations. Further answering, the Defendant states that the Plaintiffs do not meet their burden of proof in establishing that an actual controversy exists, such that an action for Declaratory Judgment under M.G.L. c. 231A can be maintained.

## REQUESTS FOR JUDGMENT

The Defendant respectfully requests that the Court deny the Plaintiffs' requests for judgment.

## AFFIRMATIVE DEFENSES

57873

**FIRST DEFENSE**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' complaint against the Defendant should be dismissed because the Plaintiffs' complaint fails to show that any actual live controversy exists between the parties, as required under M.G.L. c. 231A. No citation for enforcement of the Ordinances in question has been issued to any person or entity to date, and there is no indication that, if a citation is issued in the future, an administrative appeal of said citation would be futile. The case must be dismissed as there is no actual controversy which has arisen between the parties specifically set forth in the pleadings.

**THIRD DEFENSE**

The alleged actions of the Defendant were not the proximate cause of any damage or harm to the Plaintiffs.

**FOURTH DEFENSE**

The Defendant's actions were taken based upon the exercise or performance of a quasi judicial function.

**FIFTH DEFENSE**

The Defendant's actions were based upon the exercise or performance or failure to exercise or perform a discretionary function or duty of the part of a public employer or public employee and amounted to a reasonable exercise of authority under law based on the facts as presented.

**SIXTH DEFENSE**

The Plaintiffs are not entitled to relief as there is no consequential judgment or relief which could be claimed at law or in equity.

57873

**SEVENTH DEFENSE**

Based on information and belief, the Defendant's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation, and further, that the Defendant's actions in no way constitute a taking in violation of the United States Constitution.

**EIGHTH DEFENSE**

The actions alleged in the Complaint, if found to be violative of any laws, were not taken pursuant to any unlawful policy or custom promulgated by the final policy making authority of the City of Springfield.

**NINTH DEFENSE**

The Defendant reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

**TENTH DEFENSE**

Any actions taken by the Defendant were in accordance with applicable laws and the rules and regulations promulgated there under and not unreasonable, whimsical, arbitrary, or capricious.

**ELEVENTH DEFENSE**

Plaintiffs' action is barred by the doctrine of estoppel and must be dismissed.

**TWELFTH DEFENSE**

The Plaintiffs are not entitled to relief as there are facts in dispute which the court must determine prior to entry of any judgment.

**THIRTEENTH DEFENSE**

57873

The Plaintiffs are not entitled to relief as the procedures of the City were not in violation of the constitution or laws of the commonwealth and were not in violation of any rules or regulations promulgated under the authority of such laws, and no such violation has been consistently repeated.

## FOURTEENTH DEFENSE

The Defendant respectfully requests that the court refuse to render or enter a declaratory judgment or decree as such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceedings.

## FIFTEENTH DEFENSE

Plaintiffs' action is barred by the doctrine of res judicata and must be dismissed.

## SIXTEENTH DEFENSE

The Plaintiffs are not entitled to equitable relief inasmuch as they are guilty of inequitable conduct and failed to come into equity with clean hands.

## SEVENTEENTH DEFENSE

The Ordinances in question are a valid exercise of its Home Rule powers and said exercise of authority has not been pre-empted by state law.

## EIGHTEENTH DEFENSE

The Ordinances in question do not violate the Plaintiffs' procedural and substantive due process rights.

57873

Respectfully submitted.

Dated: January 13, 2012                                By:

                /s/ Edward M. Pikula
Edward M. Pikula, BBO#399770
City Solicitor
CITY OF SPRINGFIELD LAW DEPARTMENT
36 Court Street, 2nd floor
Springfield, Massachusetts
Telephone:     (413) 787-6085
Telefax:        (413) 787-6173

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the within Defendant's Answer was this day served upon Plaintiff by electronic filing, as well as mailing copy of same or hand delivery to: Attorney Tani Sapirstein, 1350 Main Street, 12th floor, Springfield, Massachusetts 01103. SIGNED under the pains and penalties of perjury.

Dated: January 13, 2012

    /s/ Thomas D. Moore
Thomas D. Moore, Esquire

                /s/ Lisa C. deSousa
Lisa C. deSousa, BBO # 546115
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPARTMENT
95 State Street, 6th floor
Springfield, Massachusetts 01103
Telephone:     (413) 886-5206
Telefax:        (413) 787-6515

                /s/ Thomas D. Moore
Thomas D. Moore, BBO# 669709
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
95 State Street, 6th floor
Springfield, Massachusetts 01103
Telephone:     (413) 886-5206
Telefax:        (413) 787-6515

57873